WRIGHT, for use of ENSLEY v. KNEPPER, SAHL & LECKEY.

### IN ERROR.

The purchaser of a lot of ground on which there is the lien of a judgment against two or more persons, one of whom is surety, by purchasing and taking an assignment of the judgment discharges the surety pro tanto.

ERROR to the Court of Common Pleas of Alleghany county.

In the court below this was a scire facias to revive judgment, &c., in which Enoch Wright, for the use of Michael Ensley, the plaintiff in error, was the plaintiff, and William W. Knepper, Leopold Sahl, and William Leckey, were the defendants.

The facts of the case are these:

Enoch Wright obtained an amicable judgment by confession, against the defendants for $618 84, which, on the 7th of July, 1841, was entered of record in Alleghany county, and became a lien on a lot of ground situate in Alleghany city, and owned by Leopold Sahl.

On the 16th of December, 1842, Leopold Sahl, for the consideration of $460, conveyed this lot to Michael Ensley.

On the 17th of June, 1844, Enoch Wright, for a bonâ fide consideration, assigned the judgment to Michael Ensley, without recourse, and subject to a credit of $200, paid 26th July, 1841, and a further credit of interest on the whole amount to April 1, 1841.

It was proved on the part of Wm. Leckey, (who alone made defence to the scire facias,) that he was only a surety, and Leopold Sahl the principal.

The counsel of Wm. Leckey asked the court to instruct the jury:

That if they believed Wm. Leckey to have been the surety of Leopold Sahl in this case, that Michael Ensley being the owner of the judgment, and the owner of the lot which was bound by it; the judgment is extinguished, (so far as Leckey is concerned,) to the extent of the value of the lot at the time that Ensley became the owner of the judgment, and Wm. Leckey is entitled to be credited to that extent.

That if the plaintiff in a judgment becomes the owner of the land on which the judgment is a lien, the lien thereby becomes extinct by operation of law. That the assignee of the judgment in this case having received a transfer of the same, after he had purchased the property upon which the same was a lien, the judgment must be considered as satisfied to the extent of the value of the property.

The President charged the jury in accordance with the defendant's points; and further, if Wm. Leckey was a surety, the matters urged by defendants constitute a good defence to the extent of the value of the lot.

To this charge, the counsel of the plaintiff excepted.

The jury found a verdict for the defendant.

The plaintiff thereupon took this writ of error, and assigned for error in this court the directions of the court below upon the points submitted by the counsel of the defendant.

*Woods*, for plaintiff in error.

*Washington*, contrà, cited 7 Watts, 20; 5 Rawle, 57; 1 Watts & Serg. 156.

The opinion of the court was delivered by ROGERS, J.

The judgment on which suit was brought, was a lien on a lot now owned by Michael Ensley. Ensley became the purchaser of the judgment subsequently, and now seeks to enforce payment by means of a scire facias against William Leckey, the surety. This raises the question, whether the purchaser of a lot bound by a judgment against three

persons, in which one of the debtors is a surety, by purchasing and taking an assignment of the judgment, discharges the surety pro tanto. We shall best arrive at a correct conclusion, by considering the situation of the surety before the assignment. If the creditor levies his debt by sale of the premises on which the judgment is a lien, the surety is discharged from the debt. And this, so far as the surety is concerned, would be the duty of the creditor, a duty which would be enforced by a Court of Equity, who would compel him in the first place to go against the land. But although we have no such power in this state, yet we have adopted to the fullest extent the principle, that equity considers that as done which ought to be done. Again, if the creditor levies the debt from the surety, the latter has a right to be substituted to all the securities of the principal, and by this means to an indemnity against the sale of the real property bound by the judgment. Nor has the purchaser any just right to complain, as he had constructive, if not actual notice of the lien, and of course purchased subject to it. He takes the property encumbered with the same equities as the original owner, and as regards him it is settled ; the surety upon payment of the debt is entitled to substitution against the principal. In Thorn v. Hartman, 7 Watts, 20, the general principle is ruled, that if the plaintiffs in the judgment become the owners of the land upon which the judgment is a lien, the lien becomes extinct by operation of law. Of the benefit of this principle to the extent of the value of the land, the surety cannot be deprived. But by purchasing the judgment and obtaining control of it, the plaintiff seeks to levy the debt from the surety, and thereby exempt the lot, of which he has reluctantly become the owner, from the lien of the judgment. The writ was issued against all the defendants, but issue is joined, and the trial had with the surety alone; and as the jury have found the value of the lot to be equal to the amount of the judgment, we are of opinion the assignee is not entitled to have his judgment revived. A Court of Chancery would restrain him from proceeding on his judgment, and of course, according to our practice, it is equitable defence to a scire facias. Judgment affirmed.